**HLD-002**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4381
_____

IN RE: MICHAEL RINALDI,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 1-13-cv-01976)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2014

Before:  McKEE, <u>Chief</u> <u>Judge</u>, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Michael Rinaldi has filed a petition for writ of mandamus.  For

the reasons set forth below, we will deny Rinaldi's petition.

In June 1999, a jury in the Middle District of Pennsylvania found Rinaldi guilty of

two counts concerning the possession and distribution of cocaine, one count of

possession of a firearm by a convicted felon, and one count of using or carrying a firearm

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c). See M.D. Pa. Cr. A. No. 3:98-cr-00294. Rinaldi was sentenced to 248 months' imprisonment. On direct appeal, we affirmed. United States v. Rinaldi, 248 F.3d 1131 (3d Cir. 2000) (table).

After other proceedings not relevant here, on July 22, 2013, Rinaldi filed a petition under 28 U.S.C. § 2241 in the District Court. Relying on the Supreme Court's holding in Watson v. United States, 552 U.S. 74, 76 (2007), that an individual who trades drugs for a gun does not "use" a firearm for purposes of § 924(c), Rinaldi claimed that he is actually innocent of his § 924(c) offense.

On November 5, 2014, Rinaldi's § 2241 petition remained pending, and he filed a mandamus petition in this Court requesting that we (1) direct the District Court to rule upon the § 2241 petition, or (2) direct the District Court to grant the § 2241 petition and order his immediate release from prison. Soon thereafter, the District Court denied Rinaldi's § 2241 petition. Rinaldi has filed a notice of appeal challenging that order, which has been docketed in this Court at C.A. No. 15-2069.

We will deny Rinaldi's petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir.

2

1996).  Mandamus may not be used as a substitute for appeal.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378–79.

Here, to the extent that Rinaldi has asked us to order the District Court to rule on his § 2241 petition, he has already received the relief that he requested, and consequently, there is no basis for us to intervene.  To the extent that Rinaldi has asked us to review his § 2241 petition on the merits (or the District Court's denial of the petition), mandamus relief is unavailable because he may obtain that review in his pending appeal in C.A. No. 15-2069.  See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

Accordingly, we will deny Rinaldi's mandamus petition.