**HLD-001**                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2365
_____

IN RE:  MICHAEL RINALDI,

                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-21-cv-00225)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 19, 2023

Before:  CHAGARES, <u>Chief Judge</u>, SHWARTZ, and RESTREPO, <u>Circuit Judges</u>

(Opinion filed )
_____

OPINION[*]
_____

**PER CURIAM**

Michael Rinaldi filed both a claim and a motion to dismiss in a civil action in

which the Government seeks forfeiture of $18,010 in currency.  It appears from the

District Court docket that these filings have been ripe for disposition since April 7, 2021.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rinaldi now has filed pro se a mandamus petition addressed to that proceeding. Although Rinaldi complains of delay, he does not ask us to order the District Court to rule. Nor is it appropriate to construe his petition as requesting such relief. Rinaldi is an experienced litigant and a prolific filer of mandamus petitions who knows how to request an order that the District Court rule on a pending matter, as he has done many times before. See, e.g., In re Rinaldi, No. 21-3228, 2022 WL 1564192 (3d Cir. May 18, 2022); In re Rinaldo, 837 F. App'x 129 (3d Cir. 2020); In re Rinaldi, 745 F. App'x 460 (3d Cir. 2018); In re Rinaldi, 609 F. App'x 66 (3d Cir. 2015).

But Rinaldi has not requested that relief here. Instead, the only relief he requests is that "this court should exercise its jurisdiction and grant Rinaldi's motion to dismiss and order the government to return the $18,010.00 in U.S. currency back to Rinaldi as soon as possible." (Mandamus Pet. at 3.) In other words, Rinaldi asks us to grant in the first instance the same relief he has requested in the District Court. We decline to do so because Rinaldi has an alternative means of obtaining relief—i.e., a ruling by the District Court, followed if necessary by an appeal to our court. See Madden v. Myers, 102 F.3d 74, 77, 79 (3d Cir. 1996); see also In re Flynn, 973 F.3d 74, 79 (D.C. Cir. 2020) (en banc) (per curiam) (explaining that mandamus ordinarily does not lie "to compel a district court to decide an undecided motion in a particular way") (emphasis omitted).

Thus, we deny Rinaldi's mandamus petition. We express no opinion on any issue pending before the District Court. We also express no opinion on whether it might be appropriate for Rinaldi to request some other form of relief if the District Court does not take any further action in the case for some appreciable period of time after our ruling.